Thomas Dimitre SBN 276924
Thomas Dimitre Attorney at Law
PO Box 801
Ashland, OR 97520
Tel: 541 890 5022
Fax: 541 488 4601
Email: dimitre@mind.net
Attorney for Plaintiff
Catherine Nahmens

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| CATHERINE NAHMENS<br><br>　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, SECRETARY OF THE DEPARTMENT OF AGRICULTURE THOMAS VILSACK<br><br>　　　　Defendant | Case No.:<br><br>**COMPLAINT FOR**<br>**1. HARASSMENT, DISCRIMINATION AND RETALIATION IN VIOLATION OF 42 U.S.C. 2000e, et seq., Section 2000e-16 (Section 717c),**<br><br>**2. HARASSMENT, DISCRIMINATION AND RETALIATION IN VIOLATION OF THE REHABILITAITON ACT, SECTION 504,**<br><br>**3. HARASSMENT, DISCRIMINATION AND RETALIATION IN VIOLATION OF THE UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT (USERRA), 38 U.S.C. SECTION 4301**<br><br>**DEMAND: $950,000** |

PLAINTIFF, Catherine Nahmens hereby brings this COMPLAINT, against DEFENDANTS United States Department of Agriculture, and Secretary of the Department of Agriculture, Thomas Vilsack, and alleges as follows:

## I.

## JURISDICTION, PROCEDURAL HISTORY, PARTIES AND VENUE

### Jurisdiction

1.

Catherine Nahmens, (hereafter "Plaintiff") brings this suit in U.S. District Court, per 5 U.S.C. Section 7703 (b)(2), 28 U.S.C. Section 1331, 28 U.S.C. Section 1361, 5 U.S.C. Section 702.

### Procedural History

2.

Plaintiff filed three separate EEOC complaints against the Defendant. All were dismissed.

### The Parties

3.

Plaintiff was employed by the United States Department of Agriculture in Stockton, CA.

4.

Plaintiff is female, and Caucasian, over forty years of age, and disabled for purposes of the Rehabilitation Act. Plaintiff is a United States Army veteran, and it was known to the Defendants that she was a U.S. Army veteran, upon hire.

5.

Defendant, Thomas Vilsack is the Secretary of the Department of Agriculture of the

United States, and performs a substantial portion of his duties in Washington, D.C.

6.

Defendant United States Department of Agriculture, is headquartered in Washington, D.C.

**Venue**

7.

Plaintiff was at all times relevant herein, an employee of the United States Department of Agriculture, in Stockton, CA.

8.

All of the acts about which Plaintiff complains occurred in Stockton, CA which is located in the Eastern District of California of the United States District Court. Therefore, venue is proper in the U.S. District Court, Eastern District of California per 28 U.S.C. Section 1391€(1).

**II.**

**FACTS**

9.

Plaintiff began her employment with Defendant in November 2016, as a Farm Loan Officer Trainee ("FLOT"), GS-05.

10.

In April 2017, Plaintiff completed Phase 1 of the training.

11.

In May 2017, Plaintiff passed the Phase 1 test.

12.

In July 2017, Plaintiff's trainer, Belle Davis, decided to retire and though she was still in the office, her availability was extremely limited.

13.

In January/February 2018, Bryan Laughlin arrived at the Stockton location as a Farm Loan Manager and became Plaintiff's trainer.

14.

In order to complete Phase 2 of the training, Plaintiff was required to submit five independently prepared case files for review.

15.

In October 2017, Plaintiff had foot surgery.

16.

In November 2017, Plaintiff has her first performance evaluation and was fully successful. She was promoted to a GS-7.

17.

In November 2017, Ms. Davis retired from the office.

18.

In December 2017, Plaintiff submitted her first file to Mr. Oosterman for review. This submission was part of Phase 2 of her training. It took Mr. Oosterman two months to return the file.

19.

In July 2018, Plaintiff requested a reasonable accommodation due to her PTSD/Insomnia/Anxiety from active duty in a hazardous duty zone in Afghanistan while serving in the U.S. Army. The request was not handled properly and no accommodation was provided.

20.

In August 2018, Plaintiff received authorization to perform Chattel Appraisal Authority.

21.

In August 2018, Plaintiff submitted two additional files to Mr. Oosterman at the State Office for review – the Kelly Knapp and Wendy Jasper files.

22.

In September 2018, Ehab El Liessy came on board as Farm Loan Manager at Stockton Service Center, and began supervising Plaintiff.

23.

In November 2018, Plaintiff received a grade step promotion – to GS-07 – Step 2.

24.

Also in November 2018, Plaintiff received an annual performance evaluation. She was rated "fully successful" and received a promotion to GS-09.

25.

In December 2018, Plaintiff received authority for Administrative Appraisal Authority reviews.

26.

Also in December 2018, Mr. El Liessy made it clear that he did not believe that Plaintiff had severe sleep issues/anxiety/PTSD. He requested a letter from her physician. Plaintiff provided a letter from her Veteran's Administration appointed physician, Dr. Christine Johnson.

27.

Beginning in March 2019, after receiving a doctor's note on December 18, 2018, Mr. El Liessy allowed Plaintiff to work late and to make up hours and time that were lost for appointments, based on her physician's letter.

28.

In March 2019, Plaintiff submitted another file for review – Matthew and Emily McCurdy.

29.

In April, 2019, Plaintiff submitted another file for review – Travis Watts.

30.

In August 2019, Plaintiff received a promotion to GS-09, Step 2.

31.

In October 2019, Plaintiff submitted another file for review – Pereira Farms.

32.

On October 22, 2019, Plaintiff received full Loan Approval Authority.

33.

In November 2019, Plaintiff had her annual review, which was fully successful. She was promoted to GS-11 and to the position of Farm Loan Officer.

34.

In November 2019, Plaintiff was assigned to work the Camp Fire at the Oroville, CA FEMA center.

35.

In February 2020, Mr. El Liessy ordered Plaintiff to cover up the inequitable treatment of a farmer – P&P Morais. Plaintiff refused. Farmer Morais had been making payments directly through his social security check and the balance was very low (approximately $1,800). Mr. El Liessy insisted that the account go back to servicing.

36.

Due to her concerns, on February 14, 2020, Plaintiff wrote an email to Mr. Oosterman at the state office, raising the issue of P&P Morais. Plaintiff told Mr. Oosterman that Mr. El Liessy was not treating P&P Morais fairly or equitably. Plaintiff copied her supervisor, Mr. El Liessy on the email.

37.

In response to the email, Mr. El Liessy immediately called Plaintiff in a fury. He called her personal cell phone and proceeded to scream and yell at her. Plaintiff walked into the office of the District Director, Jeff Torres, because Plaintiff was upset and crying due to the manner in which Mr. El Liessy was speaking to her. Mr. El Liessy continued yelling at Plaintiff, stating –

**"Why would you disrespect me like that? Is that what they taught you in the military? Now the State Office thinks I don't know what I am doing. How can you undermine my authority?"**

**"<u>I'm going to make your life very difficult</u>."**

38.

Plaintiff was so shocked by the comments of Mr. El Liessy that she asked him twice if he was threatening her. Then, in desperation, Plaintiff told Mr. El Liessy that the conversation was over and hung up. Mr. Torres was so shocked by what he had heard, that he asked Plaintiff if she wanted to take some time to regroup she go home. No investigation or inquiry regarding Mr. El Liessy's actions towards Plaintiff was undertaken.

39.

Also on February 20, 2020, Mr. El Liessy unilaterally told Plaintiff that she could no longer be accommodated for her disabilities – and that therefore she could no longer come in later and work late, as she had been approved to do. Instead, Plaintiff had to use annual leave for time missed. Mr. El Liessy made this change – he removed Plaintiff's already approved reasonable accommodations without an interactive process

40.

Subsequent to the February 14, 2020 incident, Plaintiff had anxiety/panic attacks any time that she was alone in a room with Mr. El Liessy.

41.

In March 2020, Plaintiff received notice of an adverse action – a two day suspension. The suspension was for "failure to follow a direct order." Plaintiff had been ordered by Mr. El Liessy to reopen special servicing and to prepare the P&P Morais file for 2580 review. This was outside the scope of a Farm Loan Officer's duties, and Plaintiff believed that Mr. El Liessy was treating P&P Morais inequitably, so she refused to comply.

42.

Within a few days of Mr. El Liessy's outburst, and after receiving notification of her two day suspension, Plaintiff filed her first EEO complaint, alleging hostile work environment, discrimination, and retaliation based on gender, veteran's status and disability.

43.

Also in March 2020, Plaintiff made a request or reasonable accommodation for her PTSD/anxiety, sleep disabilities. Dr. Christine Johnson wrote a note with recommendations for accommodations, and filled out the reasonable accommodations paperwork.

44.

In April 2020, Plaintiff appealed the two day suspension to State Director Connie Conway. Her appeal was denied.

45.

In May 2020, Plaintiff served her two day suspension.

46.

By July 2020, Plaintiff began teleworking full time, along with the other workers in the office, due to COVID.

47.

In August 2020, Plaintiff had shoulder surgery and was out for six weeks.

48.

Also in August, Plaintiff received a cash award for her work on the Camp Fire.

49.

In October 2020, Defendant granted a very limited reasonable accommodation for Plaintiff. The reasonable accommodation consisted of allowing flexible start time. Plaintiff's other requests for reasonable accommodation were denied.

50.

In November 2020, Plaintiff requested advanced sick leave and provided Defendant with a note from her physician, Christine Johnson. Defendant would not accept the physician's note from Dr. Johnson – declaring that she was not a qualified physician. Dr. Johnston is a Board Certified Psychiatric Pharmacist, licensed by the State of California, and was assigned to be Plaintiff's physician by the Veteran's Administration.

51.

In November 2020, Plaintiff filed a second EEO complaint for harassment, discrimination and retaliation, on the basis of veteran status, disability and gender, due to Defendant's refusal to accept Johnson's note.

52.

Later in November 2020, Plaintiff received her annual performance evaluation. She was rated fully successful and received a raise to GS-11, Step 2.

53.

On December 18, 2020, Plaintiff was authorized for leave for an x-ray without a doctor's note being required.

54.

In January 2021, Plaintiff took time off to assist her mother who had a serious health condition. No doctor's note was required.

55.

In /August 2021, Plaintiff received a cash award for excellent performance.

56.

On September 23, 2021, Plaintiff made an advanced sick leave request with a doctor's note from Dr. Christine Johnson. The Defendant did not approve the request and rejected the doctor's note, stating that she was not a qualified provider.

57.

In response to Defendant's refusal to recognize Dr. Johnson's note, in September 23, 2021, Plaintiff filed a third EEO complaint alleging discrimination, harassment, and retaliation due to gender, disability and veteran's status.

58.

In November 2021, Plaintiff received a fully successful annual review and is promoted to GS 11, step 3.

59.

On December 7, 2021, Plaintiff took leave to attend to her mother's serious health condition. Plaintiff's mother passed away on December 25, 2021.

60.

On February 14, 2022, Plaintiff was placed on paid administrative leave by Mr. El Liessy, and told that she was being proposed for termination.

61.

Plaintiff appealed the decision to Xiong Blong, State Executive Director. Her appeal was denied.

62.

Plaintiff was terminated on March 18, 2022.

63.

All of Plaintiff's EEO complaints produced Results of Investigations, but no final decision was made on any of the three EEO complaints.

64.

Plaintiff's first EEO claim was dismissed on March 22, 2022.

65.

Plaintiff's second and third EEO claims were dismissed on May 12, 2022.

66.

Plaintiff has not appealed or otherwise acted on the EEO dismissals, other than filing this lawsuit.

**III.**

**CLAIMS**

**FIRST CLAIM**

**DISCRIMINATION, HARASSMENT AND RETALIATION BASED ON GENDER,
VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
42 U.S.C. Section 2000e, et seq., Section 2000e-16 (Section 717c)
(Unlawful Employment Practice, discrimination, harassment, retaliation and hostile work environment due to gender)**

67.

Plaintiff realleges and reincorporates by reference herein all of the allegations contained in paragraphs 1 through 66, above.

68.

Section 2000e-2 (a)(Section 703) of Title VII states the following:

"(a) Employer practices
It shall be an unlawful employment practice for an employer -
(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

69.

Section 2000e-16 *(Section 717) states the following:*

(a) Discriminatory practices prohibited; employees or applicants for employment subject to coverage

All personnel actions affecting employees or applicants for employment (except with regard to aliens employed outside the limits of the United States) in military departments as defined in section 102 of Title 5 *[United States Code]*, in executive agencies *[originally, other than the General Accounting Office]* as defined in section 105 of Title 5 *[United States Code]* (including employees and applicants for employment who are paid from nonappropriated funds), in the United States Postal Service and the Postal Regulatory Commission, in those units of the Government of the District of Columbia having positions in the competitive service, and in those units of the judicial branch of the Federal Government having positions in the competitive service, in the Smithsonian Institution, and in the Government Printing Office, the Government Accountability Office, and the Library of Congress shall be made free from any discrimination based on race, color, religion, sex, or national origin.

70.

Plaintiff was a United States Department of Agriculture employee.

71.

Defendants violated Section 2000e-2 (a)(Section 703) and Section 2000e-16 (Section 717)of Title VII.

13

72.

Defendants discriminated against Plaintiff with respect to compensation, terms, conditions, and privileges or employment due to Plaintiff's gender as stated in paragraphs 1 - 65.

73.

As a result of Defendants' violations, Plaintiff has, and will continue to suffer damages, including, but not limited to, lost income and benefits including retirement, emotional distress, harassment, humiliation, loss of enjoyment of life, and damage to her physical and mental health and to her personal and professional reputation.

**SECOND CLAIM**
**VIOLATION OF THE REHABILITATION ACT**
**SECTION 501**
**29 USC SECTION 791**

74.

Plaintiff realleges and reincorporates by reference herein all of the allegations contained in paragraphs 1 through 73, above.

75.

Defendants have violated the Rehabilitation Act, Section 501, 29 USC Section 791 by discriminating against Plaintiff due to her disability, and by failing to make reasonable accommodations for Plaintiff, or to engage in the interactive process on multiple occasions, as described in paragraphs 1 – 65.

76.

As a result of Defendants' violations, Plaintiff has, and will continue to suffer damages, including, but not limited to, lost income and benefits including retirement, emotional distress, harassment, humiliation, loss of enjoyment of life, and damage to her physical and mental health and to her personal and professional reputation.

**THIRD CLAIM**

**VIOLATION OF THE
UNIFORMED SERVICES EMPKLOYMENT AND
REEMPLOYMENT RIGHTS ACT (USERRA)
38 U.S.C. SECTION 4311**

77.

Plaintiff re-alleges and incorporates by reference all of the allegations contained in paragraphs 1-76 above.

78.

38 U.S.C. Section 4311: Discrimination against persons who serve in the uniformed services and acts of reprisal prohibited

(a) A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

(b) An employer may not discriminate in employment against or take any adverse employment action against any person because such person (1) has taken an action to enforce a protection afforded any person under this chapter, (2) has testified or otherwise made a statement in or in connection with any proceeding under this chapter, (3) has assisted or otherwise participated in an investigation under this chapter, or (4) has

exercised a right provided for in this chapter. The prohibition in this subsection shall apply with respect to a person regardless of whether that person has performed service in the uniformed services.

(c) An employer shall be considered to have engaged in actions prohibited—

(1) under subsection (a), if the person's membership, application for membership, service, application for service, or obligation for service in the uniformed services is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership, application for membership, service, application for service, or obligation for service; or

(2) under subsection (b), if the person's (A) action to enforce a protection afforded any person under this chapter, (B) testimony or making of a statement in or in connection with any proceeding under this chapter, (C) assistance or other participation in an investigation under this chapter, or (D) exercise of a right provided for in this chapter, is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such person's enforcement action, testimony, statement, assistance, participation, or exercise of a right.

(d) The prohibitions in subsections (a) and (b) shall apply to any position of employment, including a position that is described in section 4312(d)(1)(C) of this title.

79.

Defendants violated 38 U.S.C. Section 4411 when it harassed, discriminated against, and retaliated against her due to her military service, as stated in paragraphs 1-65.

80.

As a result of Defendants' violations, Plaintiff has, and will continue to suffer damages, including, but not limited to, lost income and benefits, emotional distress, harassment, humiliation, loss of enjoyment of life, and damage to her physical and mental health and to her personal and professional reputation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, CATHERINE NAHMENS, prays for judgment against defendants granting the following relief:

1. Compensatory damages, including but not limited to, lost wages and benefits including retirement and social security benefits, loss of peace of mind and enjoyment of life, damage to her mental and physical health and reputation, emotional distress, and other specific and general damages in an amount proven at trial;

2. Retroactively reinstate Plaintiff to her previous USDA position, with full, make whole back pay and benefits.

3. Enjoin Defendants from harassing, discriminating against and retaliating against Plaintiff.

4. Enjoin Defendants from creating a hostile work environment for Plaintiff.

5. Attorney's fees and costs as allowed by 42 U.S.C. Section 2000e-5 (k);

6. Prejudgment and post judgment interest;

7. Any other relief to which Plaintiff may be entitled upon proof at trial that the Court deems just and proper.

Dated: June 14, 2022

THOMAS DIMITRE ATTORNEY AT LAW LLC

By: /s/ Thomas Dimitre

_____
Thomas Dimitre                    Dated: June 14, 2022
SBN 276924
Attorney for Plaintiff
Catherine Nahmens