UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE NAHMENS,<br><br>  Plaintiff,<br><br>  v.<br><br>THOMAS VILSACK, SECRETARY OF AGRICULTURE AND MERIT SYSTEMS PROTECTION BOARD,<br><br>  Defendants. | No. 2:22-cv-01039-TLN-JDP<br><br>**ORDER** |

This matter is before the Court on Defendants Thomas Vilsack, Secretary of the United States Department of Agriculture ("Vilsack"), and the Merit Systems Protection Board's ("MSPB") (collectively, "Defendants") Motion to Dismiss. (ECF No. 10.) Plaintiff Catherine Nahmens ("Plaintiff") filed an opposition. (ECF No. 13.) Defendants filed a reply. (ECF No. 14.) For the reasons set forth below, the Court GRANTS Defendants' Motion to Dismiss. (ECF No. 10.)

///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case concerns alleged employment discrimination and retaliation based on gender, disability, and veteran status. Plaintiff identifies as a disabled Caucasian woman in her forties and a veteran of the United States Army. (ECF No. 8 at 2–3.) She began working with the United States Department of Agriculture ("USDA") in November 2016 as a Farmer Loan Officer Trainee. (*Id.* at 4.)

In July 2018, Plaintiff requested an accommodation because she suffered from post-traumatic stress disorder, insomnia, and anxiety from her service in the Army. (*Id.* at 4–5.) Plaintiff alleges her supervisor, Ehab El Liessy ("El Liessy"), did not believe she suffered from any ailments and requested documentation from her physician to obtain any accommodations. (*Id.* at 6.) Plaintiff complied and produced a letter from a physician appointed by the Veteran's Administration. (*Id.*) Upon receiving the letter in December 2018, El Liessy permitted Plaintiff to start and end work late to make up any hours she lost attending appointments. (*Id.*) Plaintiff was promoted to Farm Loan Officer the following year. (*Id.* at 7.)

In early 2020, El Liessy ordered Plaintiff to take a debt settlement application to two farmers who allegedly had an existing agreement with Plaintiff to pay off their remaining debt through treasury offset payments and forwarded an email from the "State Office"[1] which read, "Lupe re-open special servicing and complete the 2580 review." (*Id.*) According to Plaintiff, both tasks were her co-worker Lupe's duties, not hers, and Plaintiff refused to perform them. (*Id.* at 7–8.) El Liessy subsequently suspended Plaintiff for insubordination. (*Id.*)

At some later point, Plaintiff emailed the "State Office," copying El Liessy, to clarify that Morais already had an existing agreement in place to pay off their remaining debt that El Liessy already approved. (*Id.* at 8.) Plaintiff alleges El Liessy was irate and immediately called her, yelling "Why would you disrespect me like that? Is that what they taught you in the military? Now the State Office thinks I don't know what I am doing. How can you undermine my authority? I'm going to make your life very difficult." (*Id.*)

---

[1] Plaintiff does not identify "State Office."

Shortly after their phone call, El Liessy revoked Plaintiff's disability accommodation and no longer permitted her to start and end work late to make up any hours she lost attending appointments. (*Id.* at 9.) Plaintiff alleges El Liessy revoked her accommodation "without discussion or interactive process." (*Id.*) Plaintiff appealed her suspension and filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC"), alleging a hostile work environment, discrimination, and retaliation based on gender, veteran status, and disability. (*Id.* at 9, 11.) Plaintiff's appeal was denied, and she served her suspension in May 2020. (*Id.* at 11.)

In July 2020, Plaintiff began teleworking full-time in light of the COVID-19 pandemic but was out for six weeks after having surgery on her shoulder. (*Id.* at 12.) Upon returning from her leave of absence, Plaintiff alleges USDA gave her a limited accommodation that permitted her to have a flexible start time but denied her other accommodation requests. (*Id.*)

A few months later, Plaintiff requested advanced sick leave and provided a note from her physician. (*Id.*) USDA rejected her sick leave request because her doctor's note was allegedly not from a qualifying physician. (*Id.*) Plaintiff then filed her second EEOC complaint in November 2020, alleging harassment, discrimination, and retaliation based on veteran status, disability, and gender. (*Id.* at 13.) The following month, Plaintiff alleges USDA approved her advanced sick leave request without a doctor's note. (*Id.*) This cycle — Plaintiff requesting advanced sick leave with a doctor's note and USDA rejecting the doctor's note — continued over the next several months and culminated in Plaintiff filing her third EEOC complaint, alleging similar violations. (*Id.*) EEOC dismissed all three of Plaintiff's complaints, and Plaintiff did not appeal the dismissals. (*Id.* at 16–17.)

On February 14, 2022, USDA placed Plaintiff on paid administrative leave and told her that she was being proposed for termination. (*Id.* at 14.) Plaintiff alleges she received a notice of her proposed removal with references to the regulations she supposedly violated but avers the notice was deficient. (*Id.*) Specifically, Plaintiff alleges the notice was overinclusive and underinclusive, referencing nonexistent federal regulation sections and sections Plaintiff did not violate. (*Id.* at 14–15.)

On March 18, 2022, Plaintiff received a notice of termination, ending her employment with USDA. (*Id.* at 16.) Plaintiff unsuccessfully appealed USDA's termination decision to MSPB and filed her initial Complaint against Defendants on June 14, 2022. (*Id.*; ECF No. 1.) On May 12, 2023, Plaintiff filed her First Amended Complaint ("FAC"), alleging four causes of action: (1) harassment, discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.) ("Title VII"); (2) harassment, discrimination, and retaliation in violation of the Rehabilitation Act of 1973 (29 U.S.C. § 791); (3) employment discrimination in violation of the Uniformed Services Employment and Reemployment Act (38 U.S.C. § 4301 et seq.) ("USERRA"); and (4) violation of due process under the Fourteenth Amendment. (ECF No. 8.)

Defendants filed the instant motion to dismiss the FAC under Federal Rules of Civil Procedure ("Rule" or "Rules") 12(b)(1) and 12(b)(6) on May 26, 2023.[2] (ECF No. 10.) Plaintiff filed an opposition and Defendants filed a reply. (ECF Nos. 13–14.)

**II.    STANDARD OF LAW**

A. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

---

[2] Defendants do not specify which claims they seek to dismiss pursuant to Rule 12(b)(6) and which claims they seek to dismiss pursuant to Rule 12(b)(1). Because the Court dismisses Plaintiff's claims pursuant to Rule 12(b)(6), however, the Court declines to address Defendants' Rule 12(b)(1) motion.

4

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly

5

1  dismissed.  *Id.* at 680 (internal quotations omitted).

2  In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits

3  thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201.

4  *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v.*

5  *Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998); *see also Daniels-*

6  *Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (the court need not accept as true

7  allegations that contradict matters properly subject to judicial notice).

8  If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

9  amend even if no request to amend the pleading was made, unless it determines that the pleading

10 could not possibly be cured by the allegation of other facts.'"  *Lopez v. Smith*, 203 F.3d 1122,

11 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995));

12 *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

13 denying leave to amend when amendment would be futile).  Although a district court should

14 freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to

15 deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint."

16 *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting

17 *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

18 **III.   ANALYSIS**

19 Defendants move to dismiss MSPB from this action and move to dismiss Plaintiff's

20 USERRA and due process claims for lack of jurisdiction.  (ECF No. 10-1 at 4–7.)  The Court will

21 first address Defendants' arguments to dismiss Plaintiff's USERRA and due process claims

22 before turning to the propriety of MSPB as a party to this action.

23 A. USERRA Claim

24 USERRA prohibits employment discrimination based on military status.  38 U.S.C. §

25 4311.  Plaintiff alleges Defendants harassed, discriminated, and retaliated against her because she

26 was an Army veteran in violation of USERRA.  (ECF No. 8 at 21–22.)

27 A plaintiff seeking to litigate a USERRA claim in federal court must first exhaust their

28 administrative remedies.  *See Wilborn v. Johnson*, 592 Fed. Appx. 571, 572 (9th Cir. 2015); *Dew*

6

1  *v. U.S.*, 192 F.3d 366, 372 (2d Cir. 1999) ("Section 4324 does not authorize a private USERRA
2  action against the Federal Government, as an employer, in federal district court; rather, it confers
3  jurisdiction upon [MSPB]."). Federal employees who raise allegations of discrimination based on
4  military or veteran status against their federal agency employer may exhaust their administrative
5  remedies by presenting their claims to MSPB, the Secretary of Labor, or an agency inspector
6  general, *see Pickett v. Brennan*, No. 19-5170, 2020 WL 873526, at *1 (D.C. Cir. Feb. 13, 2020),
7  and appealing any adverse decision to the Federal Circuit, *Yates v. Merit Sys. Protec. Bd.*, 145
8  F.3d 1480, 1483–84 (Fed. Cir. 1998).

9  Defendants contend Plaintiff's USERRA claim must be dismissed because she failed to
10 exhaust her administrative remedies by not presenting her claim to MSPB. (ECF No. 10-1 at 4–
11 5.) Plaintiff disagrees and argues she made clear in her EEOC complaints and MSPB filing that
12 she was discriminated against because of her veteran status and therefore properly "presented her
13 claim of discrimination, harassment and retaliation based on veteran's status to both the EEO and
14 the MSPB." (ECF No. 13 at 10–11.) To support her position, Plaintiff quotes from a portion of
15 MSPB's decision that states the issues to be decided are, among other issues, "Whether the
16 appellant proved by a preponderance of the evidence that the decision to remove her was
17 retaliation for protected Equal Employment Opportunity (EEO) activity." (*Id.* at 11; *see also*
18 ECF No. 10-5)

19 The Court agrees with Defendants and finds Plaintiff has failed to demonstrate she
20 exhausted her administrative remedies. Plaintiff does not allege she presented her USERRA
21 claim directly to MSPB. Instead, Plaintiff contends her USERRA claim was included in her
22 EEOC complaints, and MSPB's reference to those complaints in determining whether USDA
23 lawfully terminated her is sufficient to exhaust her administrative remedies. (*See* ECF No. 13 at
24 10–11.) This contention is untenable. Plaintiff's claim of discrimination based on military status
25 under USERRA is not something she could have raised in an EEOC complaint. *Guli v. United*
26 *States Attorney's Off. of the N. Dist. of California*, No. 3:15-CV-03307-LB, 2015 WL 7759488,
27 at *3 (N.D. Cal. Dec. 2, 2015) (recognizing EEOC complaints cover Title VII, Rehabilitation Act,
28 and Age Discrimination claims but not USERRA claims). Therefore, EEOC could not have

considered Plaintiff's USERRA claim, much less MSPB. But even if EEOC adequately considered Plaintiff's USERRA claim in her EEOC complaints, it does not follow that she properly presented her claim to MSPB in the first instance. To properly present her claim, Plaintiff must have submitted her USERRA claim directly to MSPB, the Secretary of Labor, or USDA's inspector general for adjudication, not EEOC. *See Yates*, 145 F.3d at 1483; *Pickett*, 2020 WL 873526, at *1. Moreover, Plaintiff does not allege she appealed any decision to the Federal Circuit. *See Yates*, 145 F.3d at 1483–84 (adverse determinations by MSPB are appealed to the Federal Circuit); *Wilborn*, 592 Fed. Appx. at 572 (USERRA claims against the federal government must be presented to MSPB with right to appeal to Federal Circuit).

Accordingly, the Court DISMISSES Plaintiff's USERRA claim with leave to amend. *See Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) ("Courts are free to grant a party leave to amend whenever justice so requires, and request for leave should be granted with extreme liberality."). Any amended USERRA claim must allege that Plaintiff exhausted her administrative remedies in accordance with 38 U.S.C. §§ 4322, 4324–25 or other applicable law.

### B. Due Process Claim

Plaintiff's fourth cause of action is a due process claim under the Fourteenth Amendment, seeking compensatory damages and equitable relief. (ECF No. 8 at 22–24.) Defendants argue this claim should be dismissed because, among other things, the Fourteenth Amendment does not apply to the Federal Government. (ECF No. 10-1 at 5.) Plaintiff concedes this point and admits she erroneously cited the Fourteenth Amendment instead of the Fifth Amendment and requests leave to amend this claim. (ECF No. 13 at 11.) Defendants contend granting leave to amend would be futile here because: (1) the Federal Government is immune from suit where damages are sought for alleged constitutional violations, (2) the Civil Service Reform Act is the exclusive remedy for addressing prohibited personnel actions, and (3) Plaintiff cannot state a claim for relief. (ECF No. 14 at 3.) The Court agrees.

It is well established that the Fourteenth Amendment does not apply to the Federal Government. *D.C. v. Carter*, 409 U.S. 418, 424 (1973) (actions of the Federal Government and its officers are beyond the purview of the Fourteenth Amendment). But even under the Fifth

Amendment, a party may not sue the Federal Government seeking damages for alleged constitutional violations unless there has been an affirmative, unequivocal waiver of sovereign immunity. *See Thomas-Lazear v. F.B.I.*, 851 F.2d 1202, 1207 (9th Cir. 1988) (recognizing the long-held principle that unless the United States waives its sovereign immunity, it is immune from suit in actions seeking money damages for constitutional violations); *U. S. v. Testan*, 424 U.S. 392, 399 (1976) (waiver of sovereign immunity must be unequivocally expressed). Plaintiff does not allege or argue the United States waived its immunity nor does the Court find it has. Moreover, even if Plaintiff only seeks equitable relief from the Court, Plaintiff fails to address Defendants' arguments that her alleged due process violations are insufficient to state a claim as a matter of law. Thus, the Court finds Plaintiff has abandoned the argument, *see Walsh v. Nevada Dep't of Hum. Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (failure to raise an issue in an opposition constitutes abandonment), and any amendment would be futile, *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1010 (9th Cir. 2008) (leave to amend will not be granted where an amendment would be futile).

Accordingly, the Court DISMISSES Plaintiff's due process claim without leave to amend.

### C.  MSPB

Plaintiff also alleges discrimination under Title VII and seeks review of MSPB's decision to uphold her termination. (ECF No. 8 at 17–20, 24; ECF No. 13 at 9–10.) Defendants seek to dismiss MSPB from this action, arguing Vilsack is the only proper defendant. (ECF No. 10-1 at 4.) As will be discussed, the Court agrees.[3]

Under 5 U.S.C. § 7703(a)(1), an "employee … adversely affected or aggrieved by a final order or decision of the [MSPB] may obtain judicial review of the order or decision." In such a case, MSPB "shall be named respondent in any proceeding brought pursuant to this subsection, *unless* the employee … seeks review of a final order or decision on the merits on the underlying personnel action or on a request for attorney fees, in which case the agency responsible for taking

---

[3]  Defendants seek to dismiss MSPB from this entire action, but the parties do not discuss the propriety of Plaintiff's second, third, and fourth causes of action against MSPB. Nevertheless, the Court finds Defendants have made a sufficient showing that MSPB should be dismissed, and Plaintiff does not argue MSPB should remain in this action as to those claims.

the personnel action shall be the respondent." *Id.* § 7703(a)(2) (emphasis added). Likewise, a plaintiff may bring a case of discrimination under Title VII where the head of the agency must be named as the defendant. *Id.* § 7703(b)(2) (permitting cases of discrimination to be filed under Title VII); 42 U.S.C. § 2000e-16(c) ("[I]f aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, [the employee] may file a civil action as provided in section 2000e–5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.")

In the instant case, Plaintiff alleges discrimination under Title VII and challenges MSPB's decision that upheld her termination from USDA. (ECF No. 8 at 17–20, 24; ECF No. 13 at 9–10.) While Plaintiff may bring such an action in this Court, she must do so against the head of the agency responsible for terminating her, Vilsack, and not MSPB. *See* 5 U.S.C. § 7703(a)(1)–(a)(2), (b)(2); 42 U.S.C. § 2000e-16(c).

Accordingly, the Court DISMISSES MSPB from this action.

**IV.    CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss (ECF No. 10) as follows:

- The Court DISMISSES Plaintiff's USERRA claim with leave to amend;
- The Court DISMISSES Plaintiff's due process claim without leave to amend; and
- The Court DISMISSES MSPB from this action without leave to amend.

Plaintiff may file an amended complaint not later than thirty (30) days after the electronic filing date of this Order. Defendant(s) shall file any responsive pleading not later than twenty-one (21) days from the electronic filing date of Plaintiff's amended complaint.

If Plaintiff opts not to file an amended complaint, this action will proceed on Plaintiff's Title VII and Rehabilitation Act claims in the FAC against Vilsack. Vilsack shall file an answer not later than twenty-one (21) days from Plaintiff's deadline to file an amended complaint.

///

///

///

IT IS SO ORDERED.

Date: March 29, 2024

Troy L. Nunley
United States District Judge